UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

| | |
|---|---|
| CALIFORNIA DEPARTMENT OF EDUCATION, a State agency,<br><br>  Plaintiff,<br><br>  v.<br><br>INDEMNITY COMPANY OF CALIFORNIA, a corporation and INSCO INSURANCE SERVICES, INC., a corporation, and DOES 1-59,<br><br>  Defendants.<br>_____/ | NO. 2:08-cv-2209 FCD GGH<br><br>MEMORANDUM AND ORDER |

----oo0oo----

This matter is before the court on defendant[1] Indemnity Company of California's ("defendant" or "Indemnity") motion for summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure. Plaintiff California Department of Education ("plaintiff" or "CDE") opposes the motion. On February 22, 2010, following a review of the submissions of the parties, including

---

[1] The parties represent that they have agreed to dismiss defendant INSCO without prejudice in return for a waiver of costs. (Pl.'s Reply Brief [Docket # 25], filed Mar. 12, 2010, at 1 n.1.)

the Notice of Removal, the complaint, and the briefs related to defendant's motion for summary judgment, the court directed the parties to file supplemental briefing regarding the basis for federal question jurisdiction. Specifically, in light of the sole state law claim for breach of contract alleged in the complaint, the parties were ordered to address whether "plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law." Franchise Tax. Bd. v. Constr. Laborers Vacation Trust, 463 U.S. 1, 28 (1983); see Christianson v. Colt Industries Operating Corp., 486 U.S. 800, 810 (1988) ("[A] claim supported by alternative theories in the complaint may not form the basis for [federal] jurisdiction unless [federal] law is essential to each of those theories."). Indemnity asserts that the exercise of federal jurisdiction is proper. The CDE contends that this action should be remanded to the Superior Court of the State of California in and for the County of Sacramento.[2]

**BACKGROUND**

CDE commenced this action against defendants in the California Superior Court, County of Sacramento, stating a single, state-law cause of action for breach of contract, namely for breach of a surety bond issued by defendant Indemnity. In its complaint, CDE alleges that it is a state agency with statutory jurisdiction to administer the Donated Food Program of the United States Department of Agriculture ("USDA") and enforce

---

[2] Because oral argument will not be of material assistance, the court orders the matter submitted on the briefs. E.D. Cal. L.R. 230(g).

2

the program requirements under applicable state and federal statutes and regulations, including 7 C.F.R. Parts 210 and 250. CDE further alleges that Southland Bagel Company, Inc. ("SBC") was a California corporation authorized to process donated food under the USDA's Donated Food Program. CDE entered into a written contract with SBC, called a Master Processing Agreement ("MPA"), for the period July 1, 2003, to June 30, 2004, under which SBC was to process USDA-donated food into specified end products (Articles 5, 35 O(1)) for delivery to eligible recipient agencies ("RA"s). (Compl. ¶¶ 1, 4, 9A, 9D.) The MPA is governed by the laws of California. (MPA, Ex. 1 to Compl., at 31.)

Article 16 of the MPA required SBC to "fully account" for all donated food delivered or carried forward from a previous contract year into its possession, by production and delivery of an appropriate number of end products specified in the MPA to eligible RAs. Under Articles 16 and 18, SBC was financially liable for the value of all donated food inventory for which SBC could not account in accordance with the requirements of the MPA. (Compl. ¶ 9B.) Moreover, Article 19 required SBC to obtain a surety bond to guarantee that SBC "shall faithfully account for, return, or pay for all of the [donated food] received or carried forward" in accordance with the MPA. To satisfy this requirement, SBC provided a bond issued by Indemnity in the initial amount of $100,000, which was later increased to $400,000. (Compl. ¶¶ 9C, 9E.) In the bond, Indemnity specifically recited the existence of the MPA and that the bond was given to secure SBC's obligation to account for, return or pay for "all federally donated foods delivered by [CDE], at the

3

time and in the manner *specified in the MPA*."  (Ex. 2) (emphasis added).

CDE alleges that SBC failed to account for donated food having a total value of $700,737.31.  CDE submitted a claim to Indemnity on the surety bond, but Indemnity denied the claim.  (Compl. ¶¶ 9F-9L, 10-14.)  Subsequently, CDE brought suit for breach of written contract for surety bond.  (Compl. ¶¶ 10-14.)

**STANDARD**

Jurisdiction is a threshold inquiry before the adjudication of any case before the court.  See Morongo Band of Mission Indians v. Cal. State Bd. of Equalization, 858 F.2d 1376, 1380 (9th Cir. 1988).  Even if no objection is made to removal and the parties stipulate to removal, the district court has an independent obligation to examine whether the exercise of jurisdiction is proper before deciding any issue on the merits.  Rains v. Criterion Sys., Inc., 80 F.3d 339, 342 (9th Cir. 1996); see Allstate Ins. Co. v. Hughes, 358 F.3d 1089, 1093 (9th Cir. 2004); Matheson v. Progressive Specialty Ins. Co., 318 F.3d 1089, 1091 (9th Cir. 2003).  Moreover, the absence of federal jurisdiction may be raised at any time during the litigation.  Rains, 80 F.3d at 342 (examining whether removal was proper for the first time on appeal).  "If the district court at any time determines that it lacks jurisdiction over the removed action, it must remedy the improvident grant of removal by remanding the action to state court."  California ex rel. Locker v. Dynegy, Inc. ("Dynegy"), 375 F.3d 831, 838 (9th Cir. 2004).

The removal statute is strictly construed against removal jurisdiction.  Id.  "Federal jurisdiction must be rejected if

there is any doubt as to the right of removal in the first instance." Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992) (citing Libhart v. Santa Monica Dairy Co., 592 F.2d 1062, 1064 (9th Cir. 1979)). The party seeking removal has the burden of establishing grounds for the exercise of federal jurisdiction. Dynegy, 375 F.3d at 838.

**ANALYSIS**

Defendant asserts that the court has proper removal jurisdiction because plaintiff's claim arises under federal law. Specifically, defendant asserts that the court has original jurisdiction over plaintiff's breach of contract claim because federal law expressly controls and governs the terms of the MPA and because defendant has "derivative liability" for SBC's violations of federal regulations.[3]

"The presence or absence of federal question jurisdiction is governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." Sacramento Metropolitan Air Quality Management Dist. v. United States, 215 F.3d 1005, 1014 (9th Cir. 2000). Federal jurisdiction may also lie if "it appears that some substantial disputed question of federal law is a necessary element of one of the well-pleaded state claims." Rains v. Criterion Sys., Inc., 80 F.3d 339, 345 (9th Cir. 1996) (quoting Franchise Tax Bd. of California v. Construction Laborers Vacation Trust for Southern California, 463 U.S. 1, 13 (1983). Where federal issues are

---

[3] It is undisputed that federal law does not create the sole cause of action in this case.

5

imbedded in state law claims between non-diverse parties, the determinative questions is whether "a state-law claim *necessarily* raise[s] a stated federal issue, actually disputed and substantial, which a federal forum may entertain without disturbing any congressionally approved balance of federal and state judicial responsibilities." Grable & Sons Metal Prods., Inc. v. Darue Eng'g & Mfg., 545 U.S. 308, 314 (2005) (emphasis added).

However, "[w]hen a claim can be supported by alternative and independent theories – one of which is a state law theory and one of which is a federal law theory – federal question jurisdiction does not attach because federal law is not a necessary element of the claim." Raines, 80 F.3d at 345 (holding that the plaintiff's wrongful discharge claim did not give rise to federal question jurisdiction because it could be supported by violations of the state law constitution, not only violations of a federal statute); Lippit v. Raymond James Fin. Servs., Inc., 340 F.3d 1033, 1043 (9th Cir. 2003) (holding that California unfair competition law claims did not give rise to federal question jurisdiction because such claims are based on unfair or fraudulent conduct generally, and not necessarily violations of federal rules and regulations); Mulcahey v. Columbia Organic Chemicals, 29 F.3d 148. 153 (4th Cir. 1994) (holding that negligence action alleging violations of local, state, and federal environmental laws did not confer federal question jurisdiction). Removal cannot be based on mere reference to federal law. See Berg v. Leason, 32 F.3d 422, 425-26 (9th Cir. 1994) (holding that a state malicious prosecution claim could not

6

be removed to federal court even though the underlying case was a federal RICO cause of action).

Indeed, the United States Supreme Court has determined even if federal law provides an element of a state cause of action, it is insufficient to confer federal removal jurisdiction. Merrell Dow Pharmacy, Inc v. Thompson, 478 U.S. 804, 814 (1986). In Merrell Dow, parents sued a drug manufacturer in state court for their children's birth defects resulting from the mother ingesting the drug while pregnant. The complaint alleged various state causes of action, such as negligence, breach of warranty, and strict liability. The complaint also alleged the drug had been misbranded in violation of the Food Drug and Cosmetic Act, creating a rebuttable presumption of negligence. The Supreme Court held "the presence of the federal issue as an element of the state tort" was not a sufficient basis for removal jurisdiction. Id.; see also Easton v. Crossland Mortgage Corp., 114 F.3d 979, 982 (9th Cir. 1997) (state claim for sexual harassment could not be removed even though reference made to federal statute).

The Ninth Circuit has expressly held that even if a contract is regulated by federal law, such regulation is an insufficient basis for the exercise of federal question jurisdiction. In Hunter v. United Van Lines, the plaintiff sued an interstate carrier for fraud and bad faith in settling a claim for damages to goods shipped interstate. 746 F.2d 635, 638 (9th Cir. 1984). The contract for interstate shipment was regulated by federal law. Id. at 645. While the court noted that federal law could be deemed "an ingredient in plaintiffs' state-law claim for

7

tortious bad faith," the court held that the exercise of federal jurisdiction was inappropriate because (1) federal law would not be controlling, and (2) at most, the determination of federal law was merely a "preliminary, threshold" role in the case. Id. at 647.

In this case, resolution of plaintiff's breach of contract claim does not necessarily raise an issue of federal law. On its face, CDE's action is a state law cause of action for breach of a contract made in California, guaranteeing obligations made in California, which, by its own terms, is governed by California law. While CDE's complaint references various regulations, the specific violations alleged in the complaint are directed to Articles of the MPA, not violations of federal law.

Moreover, the federal regulations referenced in the complaint and relied upon by defendant expressly ground liability in the contract created between the parties. See 7 C.F.R. § 250.12(b) ("Distributing agencies *shall* enter into written agreements with all subdistributing agencies, recipient agencies, warehouses, carriers, or other entities to which distributing agencies deliver donated foods under their distribution program.") (emphasis added); 7 C.F.R. 250.30(a) ("This section sets forth the terms and conditions under which distributing agencies, subdistributing agencies, or recipient agencies may enter into contracts for the processing of donated foods and prescribes the minimum requirements to be included in such contracts."). The regulations also contemplate that a distributing agency, like plaintiff, "may impose additional requirements for participation," so long as they are not

8

inconsistent with the regulations.  7 C.F.R. § 250.2(b).  As such, the MPA's requirements may impose obligations beyond those minimum requirements set forth in the federal regulations and liability may be based purely on breach of those additional obligations.  Accordingly, resolution of the potential federal issues raised in the complaint is not essential, and thus, determination of federal law is not a necessary element of one of the well-pleaded state claims.  See Christianson v. Colt Industries Operating Corp., 486 U.S. 800, 810 (1988) ("[A] claim supported by alternative theories in the complaint may not form the basis for [federal] jurisdiction unless [federal] law is essential to each of those theories.").[4]

Further, the court notes that defendant's arguments in support of its motion for summary judgment are based exclusively on state law determinations.  While defendant now asserts that plaintiff's interpretation of the MPA contradicts the express language of the applicable and controlling federal regulations, it is undisputed that no such argument was raised in its dispositive motions.  (Def.'s Supp. Brief re. Basis for Federal Jurisdiction [Docket # 24], filed Mar. 5, 2010, at 5 & n.6.)  The absence of this purportedly pivotal federal issue is further

---

[4] The court notes that to the extent the federal regulations have some effect on the determination of plaintiff's state law claim, such effect is incidental.  See Hunter, 746 F.2d at 646 (noting that courts must determinate whether the federal element was "pivotal," not merely "incidental").  That the federal regulations may provide that certain conduct constitutes prima facie evidence of improper distribution or loss, 7 C.F.R. § 250.16(a)(6), does not elevate the role of the regulations to a substantial federal issue.  See Merrell Dow, 478 U.S. at 812, 814 (holding no federal question jurisdiction where federal law created rebuttable presumption in state law cause of action).

9

compelling evidence that resolution of federal law is not necessary to the resolution of this action.

Defendant's reliance on the Ninth Circuit's decision in People of the State of Cal. v. Dynegy, Inc., 375 F.3d 831 (9th Cir. 2004), is misplaced.  In Dynegy, the Ninth Circuit held that an action alleging unfair competition under Section 17200 was inherently federal because plaintiff's claim rested entirely on alleged violations of federal tariff obligations under the Federal Power Act.  Id. at 841.  Though the complaint only asserted state-law claims, it cited the tariffs filed with Federal Energy Regulatory Commission and directly implicated the federal regulatory regime, which was committed exclusively to federal jurisdiction.  Id.  Thus, the Ninth Circuit reasoned that the state claim turned "entirely upon the defendant's compliance with a federal regulation."  Id.  However, in this case, the complaint implicates contractual provisions that are regulated by federal law.  As set forth above, resolution of the contractual provisions does not directly implicate those federal regulations.  Further, unlike in Dynegy and the majority of cases cited by defendant, the underlying federal issues referenced in this case is not "a subject matter committed exclusively to federal jurisdiction."  Cf. Sparta Surgical Corp. v. Nat'l Assoc. of Sec. Dealers, Inc., 159 F.3d 1209 (9th Cir. 1998) (holding that state law causes of action based upon violation of the federal Exchange Act, which conferred exclusive jurisdiction upon the federal courts, arose under federal law); Brennan v. Southwest Airlines Co., 134 F.3d 1405 (9th Cir. 1998) (holding that plaintiffs state law claim for unfair business practices was in reality a suit for

10

a tax refund, for which the Internal Revenue Code provided the exclusive federal remedy, and thus, arose under federal law).

**CONCLUSION**

For the foregoing reasons, because the court does not have federal question jurisdiction over plaintiff's claims, the court REMANDS this action to the Superior Court of the State of California in and for the County of Sacramento.

IT IS SO ORDERED.

DATED: March 31, 2010

FRANK C. DAMRELL, JR.
UNITED STATES DISTRICT JUDGE

11